IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FRANK KAFFENBERGER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:24-cv-00452-DGK |
| BARBARA CRISWELL, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

This lawsuit arises from the non-judicial foreclosure of residential property located at 3128 Summit Street, Kansas City, Missouri 64111 (the "Property"). Plaintiff pro se Frank Kaffenberger alleges Defendant Barbara Criswell ("Criswell") fraudulently induced him into a mortgage in violation of federal and state laws. Plaintiff's complaint challenges the mortgage and subsequent foreclosure and seeks to quiet title the Property.

Now before the Court is Plaintiff's motion to stay the enforcement of a state court judgment requiring him to vacate the Property. ECF No. 3. Because Plaintiff's motion to stay is akin to a temporary restraining order, the Court treats it as such. Criswell has not yet been served and therefore has not responded to Plaintiff's ex parte motion.

After carefully reviewing the motion and the existing record, the Court holds Plaintiff has not met his heavy burden for the Court to issue a temporary restraining order.

**Background**

The following facts are alleged in Plaintiff's complaint, ECF No. 1, and drawn from public filings in his related state court case, *see Criswell v. Kaffenberger et. al.*, No. 2416-CV10532. In February of 2022, Plaintiff borrowed money from Criswell to pay off his existing mortgage. The

loan was secured by a deed of trust encumbering the Property. Plaintiff alleges he was never provided a copy of the Promissory Note and was unaware of the repayment schedule despite having signed the Note. In February of 2024, after Plaintiff was in default, Criswell foreclosed on the Property via a non-judicial foreclosure sale and was the highest bidder at the auction. Two months later, Criswell filed an unlawful detainer petition in the Circuit Court of Jackson County, Missouri, because Plaintiff refused to surrender possession of the Property following the foreclosure sale. On June 28, 2024, the state court entered a final judgment in Criswell's favor requiring Plaintiff to vacate the Property.

There is no date certain provided in the state court judgment for Plaintiff to vacate the Property. But damages of $3,600 per month (i.e., double rent) will accrue until Plaintiff surrenders the Property to Criswell. Further, if Plaintiff does not voluntarily vacate the Property, the Department of Civil Process is empowered to provide Criswell with immediate possession of the Property if the following conditions are met: (1) the time allowed for taking an appeal has expired; (2) if an appeal is filed, the appeal bond has not been posted; and (3) a request for execution for restitution of possession has been filed. It is unclear whether these conditions have been met, and whether Plaintiff is facing immediate removal from the Property.

**Standard for Issuance of a Temporary Restraining Order**

In determining whether to grant a temporary restraining order the Court considers: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007). No single factor is determinative; they must be "balanced to determine whether they tilt towards or away" from granting the injunction. *Noodles Development, LP. v.*

*Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007). A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

**Discussion**

Assuming for the sake of argument abstention is not appropriate on one of several possible grounds, the Court holds Plaintiff has not carried his heavy burden here.

**A.    Plaintiff has not demonstrated a threat of irreparable harm.**

To demonstrate a sufficient threat of irreparable harm, the moving party must show that there is no adequate remedy at law; that is, that an award of damages cannot compensate the movant for the harm. *See Noodles Dev.*, 507 F. Supp. 2d at 1036–37. "Failure to show irreparable harm is an independently sufficient ground upon which to deny [a temporary restraining order]." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Plaintiff contends he will be irreparably harmed if the state court judgment is not stayed because he will face: (1) financial hardship due to the expense of moving and securing alternative housing in the current real estate market; (2) emotional distress from the eviction process; (3) personal hardship related to the disruption of employment, childcare, and social networks; and (4) detrimental impact to a pending child custody proceeding. Plaintiff's arguments are unpersuasive.

First, any financial or personal hardship related to moving (i.e., arguments one and three) is easily compensable with an award of money damages. For example, increased costs related to moving, commuting to work, or childcare are easily calculable. Similarly, emotional distress damages are recoverable in a wrongful foreclosure action. *See Holm v. Wells Fargo Home Mortg. Inc.*, No. WD 78666, 2016 WL 1579383, at *12 (Mo. Ct. App. Apr. 19, 2016). Finally, Plaintiff's

3

allegation that if he has to move, his children will have to move in with their mother, does not demonstrate irreparable harm. Plaintiff essentially pleads a conclusion here with no supporting factual allegations, which is patently insufficient. Even if true, however, the record does not explain why the children could not continue to reside with Plaintiff, albeit at some other location than the Property. It is also unclear how a change in residency will have a detrimental effect on Plaintiff's child custody case. Accordingly, Plaintiff has not demonstrated irreparable harm.

**B.     Plaintiff has not shown the balance of harms favors issuing a TRO.**

Plaintiff also argues the Court should issue a temporary restraining order because Defendant will not be unduly harmed in any way because "[t]he underlying dispute concerns the legality of the mortgage, not [Plaintiff's] intention to pay." Mot. at 3.

The Court is not convinced. Plaintiff has not shown that his alleged harm outweighs Criswell's interest in enforcing a state court judgment that entitles her to $3,600 in monthly damages for Plaintiff's continued possession of the Property.

**C.     Plaintiff has not shown a likelihood of success on the merits.**

To demonstrate likelihood of success on the merits, a movant does not need to show that it ultimately will succeed on its claims, only that the movant's prospects for success is "at least . . . *sufficiently likely* to support the kind of relief it requests." *Noodles Dev.*, 507 F. Supp. 2d at 1034 (emphasis added) (quotation omitted). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485 (quotation omitted).

Plaintiff argues he will be successful on the merits because "Defendant violated federal and state law in the inducement of the mortgage." Mot. at 3. But beyond this single, conclusory allegation, Plaintiff cites no caselaw or makes any argument for why he has a fair chance of being successful. Accordingly, Plaintiff has not demonstrated a likelihood of success on the merits.

### D. The public interest does not weigh in either side's favor.

The Court finds the public interest does not favor either granting or denying the request for a temporary restraining order. Thus, this factor does not weigh in favor of either side.

### E. Plaintiffs have not carried their burden.

After balancing the factors, the Court holds Plaintiff has not clearly shown entitlement to the extraordinary and drastic remedy of a temporary restraining order issued ex parte.

## Conclusion

Plaintiff's motion to stay the enforcement of the state court judgment is DENIED.

**IT IS SO ORDERED.**

Date:  July 11, 2024  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT