IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FRANK KAFFENBERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00452-DGK |
| ) | |
| BARBARA CRISWELL, ) | |
| ) | |
| Defendant. ) | |

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

This lawsuit arises from the non-judicial foreclosure of residential property located at 3128 Summit Street, Kansas City, Missouri 64111 (the "Property"). Plaintiff pro se Frank Kaffenberger alleges Defendant Barbara Criswell fraudulently induced him into a mortgage in violation of federal and state laws. Plaintiff's complaint challenges the mortgage and subsequent foreclosure and seeks to quiet title to the Property in his favor.

Now before the Court is Plaintiff's second motion for a temporary restraining order. ECF No. 36. Because the Court lacks subject matter jurisdiction to hear this dispute pursuant to the *Rooker-Feldman* doctrine, the lawsuit is dismissed without prejudice.

The threshold question for the Court in this case and in every case is whether it possesses subject matter jurisdiction to hear the dispute; that is, whether the Court is authorized or possesses the power to adjudicate the lawsuit. Federal courts are courts of limited jurisdiction, and as such may only hear cases they have been authorized to hear by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Lower federal courts, such as federal district courts, lack subject matter jurisdiction over challenges to most state court judgments. Federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court. *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000). The *Rooker-Feldman* doctrine recognizes this and forecloses not only straightforward appeals from state court decisions, "but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Id.* The doctrine prohibits lower federal courts from exercising jurisdiction over all "general constitutional claims that are inextricably intertwined with claims already adjudicated in state court." *Id.* at 492–93. A federal claim is inextricably intertwined with a state judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987). Thus, the doctrine bars claims where the requested federal relief would void the state court's judgment or essentially reverse the state court's holding. *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001).

In the present case, Plaintiffs' claim in this case for injunctive relief and to quiet title to the Property is inextricably intertwined with the unlawful detainer proceeding brought in the Circuit Court of Jackson County, Missouri, *Criswell v. Kaffenberger et. al.*, No. 2416-CV10532. If this Court granted Plaintiff the relief he seeks it would be undermining the state court proceeding by holding that the state court reached the wrong result. *See Jacobs v. Gear Properties*, 2 Fed. Appx. 617 (8th Cir. 2001) (noting the *Rooker-Feldman* doctrine bars federal actions seeking to change the result of state unlawful detainer actions); *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996) (holding district court properly abstained under the *Rooker-Feldman* doctrine where the plaintiffs' claims could succeed only to the extent that the state court wrongly decided a foreclosure action). Consequently, the Court must abstain from hearing this dispute pursuant to the *Rooker-Feldman* doctrine.

This case is DISMISSED WITHOUT PREJUDICE. All pending motions are DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:  August 6, 2024                     /s/ Greg Kays
                                          GREG KAYS, JUDGE
                                          UNITED STATES DISTRICT COURT